IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 14, 2005 Session

# PATRICIA LYNN FINGER v. JAMES GANG AMUSEMENTS

**Direct Appeal from the Circuit Court for Blount County**
**No. L-11967      Hon. William Dale Young, Circuit Judge**

**No. E2004-00593-COA-R3-CV - FILED APRIL 4, 2005**

Plaintiff's action against defendant for the negligent hiring of the perpetrator of a crime against plaintiff was dismissed by the Trial Judge on a directed verdict at the end of plaintiff's proof. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Dan Channing Stanley, Knoxville, Tennessee, for appellant.

Donald D. Howell and Richard T. Scrugham, Jr., Knoxville, Tennessee, for appellee.

## OPINION

In this action, the Complaint alleged that defendant James Gang Amusements was guilty of negligence in hiring Stephen T. Nicholson, was negligent in security provided, and sexual battery. It was alleged that Nicholson was employed by defendant, and traveled to plaintiff's home town in Maryville, with a carnival operated by defendant. Plaintiff alleged that she attended the carnival and after the carnival closed Nicholson followed her as she walked home, pushed her into a pile of bushes, and raped her.

At the conclusion of plaintiff's proof, the Trial Court directed a verdict for defendant

James Gang Amusements.[1]

Plaintiff has appealed and charges that the Trial Court erred in directing a verdict, by finding that James Gang owed no duty to the plaintiff or others similarly situated.

The standard of review applicable to this appeal is outlined in *Alexander v. Armentrout*, 24 S.W.3d 267, 271 (Tenn. 2000):

> A directed verdict is appropriate only when the evidence is susceptible to but one conclusion. *Eaton v. McLain*, 891 S.W.2d 587, 590 (Tenn.1994); *Long v. Mattingly*, 797 S.W.2d 889, 892 (Tenn. Ct. App.1990). We must "take the strongest legitimate view of the evidence favoring the opponent of the motion when called upon to determine whether a trial court should have granted a directed verdict." Id. In addition, all reasonable inferences in favor of the opponent of the motion must be allowed and all evidence contrary to the opponent's position must be disregarded. *Eaton*, 891 S.W.2d at 590; *Long*, 797 S.W.2d at 892.
>
> As this Court has stated: "The court may grant the motion only if, after assessing the evidence according to the foregoing standards, it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence." See Eaton v. McLain, 891 S.W.2d at 590.
>
> *Also see, Burton v. Warren Farmers Co-op.*, 129 S.W.3d 513, 520 (Tenn. Ct. App. 2002).

As a basis for the directed verdict, the Trial Court held that defendant James Gang owed no duty to plaintiff to perform a background check on Nicholson. Plaintiff has not supported her argument on this issue with authority, and the only case we have found which addresses this issue is the unreported case of *Gates v. McQuiddy Office Products*, 1995 WL 650128 (Tenn. Ct. App. Nov. 2, 1995). This Court said that "depending on the particular employment and unless put on notice, an employer has no duty to check every job applicant's background."; "negligent hiring arises only when a particular unfitness of a job applicant creates a danger of harm to third persons which the employer should have known." *Id.*

Plaintiff argues that James Gang was on notice and knew or should have known that Nicholson created a risk of harm to carnival patrons because Nicholson said in his deposition that he told James that he had just gotten out of prison in Alabama for murder. At trial, Nicholson testified he was not sure if he ever told James he had been in prison, but certainly never told James what he was in prison for. James also testified that he did not remember Nicholson telling him that he had been in prison. In this regard, we must review the evidence in the light most favorable to the

---

[1]Plaintiff had joined Nicholson as a party defendant and a default judgment was entered against Nicholson with damages in the amount of $1,250,000.00.

non-moving party, giving the non-moving party the benefit of all reasonable inferences, and disregard all the evidence contrary to the non-moving party's position. Accordingly, we must assume that Nicholson told James Gang that he had been in prison for murder.

An excellent analysis of the duty of care owed is set forth in *Staples v. CBL Associates, Inc.*, 15 S.W.3d 83 (Tenn. 2000). Under the principles outlined in *Staples*, it appears a duty arose on the part of James Gang to further check out Nicholson's background.

We hasten to add, however, that there is no duty to control the conduct of a third person so as to prevent him from causing harm to another. *Lett v. Collis Foods*, 60 S.W.3d 95 (Tenn. Ct. App. 2001). The exception to this rule is when the defendant stands in a "special relationship" to the third person, which imposes upon the defendant a duty to control the third person's conduct, or when the defendant has a special relationship with the injured party, which would give the injured party a right to the defendant's protection. *Id.* Plaintiff argues that James Gang stood in a special relationship to her as a patron of the carnival and owed her a duty of protection. The only special relationships which have been expressly recognized in Tennessee are physician/patient and, arguably, business/patron, and employer/employee. *See, e.g., Limbaugh v. Coffee Medical Center*, 59 S.W.3d 73 (Tenn. 2001); *Staples v. CBL Associates, Inc.*, 15 S.W.3d 83 (Tenn. 2000), and *Lett.* We do not believe that the duty of James Gang extended to protecting plaintiff from an attack by an off-duty, temporary employee, which occurred after the carnival closed and outside the carnival grounds. As stated in *Staples*, a business does not have a duty to protect patrons from criminal acts of third parties that occur on its premises, unless the business knew or had reason to know that such acts were reasonably foreseeable. *Staples*, 15 S.W.3d at 90. Assuming *arguendo* that James Gang had a duty to protect the plaintiff in a general sense, such duty did not extend to protect her from harm that occurred from an act in areas outside James Gang's control. *See Chowbay v. Davis*, 2002 WL 1389604 (Tenn. Ct. App. June 27, 2002) (duty owed by premises owner to customers does not include protection from criminal acts occurring off the defendant's property).

Although plaintiff has framed her issues solely as to duty, it is necessary to address causation. The Trial Court in its Judgment stated that a directed verdict was granted to James Gang because it agreed that "there was no evidence in the record which raised a jury issue on the allegations of negligence on the part of James Gang". In the Court's Memorandum Opinion it said "I think plaintiff has failed to show evidence of negligent security as to James Gang Amusement and any negligent hiring, much less a duty in that respect." The Court's grant of the motion was not based solely on the duty issue, but also on the plaintiff's failure to prove negligence, which was the proximate cause of her injuries.

Proximate cause has been defined as when injury is the "reasonably foreseeable probability" of the defendant's action or failure to act, and this Court has noted that when an injury is not reasonably foreseeable, "then the criminal act of the third party would be a superceding, intervening cause of the harm" which would relieve the defendant of liability. *Tedder v. Raskin*, 728 S.W.2d 343 (Tenn. Ct. App. 1987). The Supreme Court has likewise held:

An injury that is the natural and probable consequence of an act of negligence is actionable, and such an act is the proximate cause of the injury. But an injury which could not have been foreseen or reasonably anticipated as the probable result of an act of negligence is not actionable and such an act is either the remote cause, or no cause whatever, of the injury.

*Doe v. Linder Const. Co., Inc.*, 845 S.W.2d 173, 181 (Tenn. 1992).

In *Corbitt v. Ringley-Crockett, Inc*., 496 S.W.2d 914 (Tenn. Ct. App. 1973), this Court was asked to hold a building lessee/owner liable for an assault that occurred by third parties in the restroom of the building, upon a patron who was there attending a concert. We said that the "proprietor of a public amusement place owes his patrons a duty to use ordinary care to protect them from defects in the premises and to use ordinary care to protect them from other patrons or third persons. Whenever the injuries are the result of the acts of another, operators of places of amusement are not liable for such acts and resulting injuries in the absence of a showing of timely notice of the situation creating the danger." *Id.* at 917. In *Doe*, the Supreme Court was addressing the situation of a plaintiff who was raped by an employee/contractor of the defendant construction company, who obtained a key to her home by stealing the same from the defendant's office, and gained entry to her home by the use of the key. The Court held that the criminal acts of stealing the keys, entering the plaintiff's home and raping her were unforeseen, intervening causes of plaintiff's injuries, and ruled that the company was properly granted summary judgment on the issue of negligence.

In a case factually similar to this case, *Doe v. Rogers*, 1997 WL 36834 (Tenn. Ct. App. Jan. 31, 1997), the plaintiffs were minor children who were molested by a school crossing guard during an after-hours visit to his home. The Court was asked to reverse the trial court's grant of summary judgment to the defendant City and its police chief on plaintiffs' claims of negligent hiring and failure to perform a background check, since the perpetrator had a prior record with the FBI and the local police of being investigated for child molestation. *Id*. Plaintiffs had asserted that they became acquainted with Rogers while he was employed as a school crossing guard, and that their mother thought he was trustworthy because of his job and thus allowed the children to go to his home, where they were molested. *Id*.

This Court, "assuming without deciding" that the defendants were negligent in their hiring of Rogers, found that there was no proximate or legal cause existing under the facts. The Court discussed that proximate cause could only be shown where the defendant's conduct was a substantial factor in bringing about the harm, there was no legal rule that would operate to relieve the defendant from liability, and the harm that occurred was reasonably foreseeable. *Id.* The Court opined that it was not reasonably foreseeable that through Rogers' employment as a crossing guard, he would develop a relationship with these children such that they would be allowed to visit his home, where they would be molested.

Similarly, in this case, it was not reasonably foreseeable for James Gang that Nicholson would be left alone with the plaintiff off the carnival grounds after the carnival was closed

-4-

and would then commit a heinous crime against her.

Plaintiff also argues that but for James Gang's employment of Nicholson, he would not have been in the community of Maryville and near her home. This contention is not borne out by the proof. The proof was that Nicholson found his way to Maryville on his own, and then applied for temporary employment with James Gang. There is no proof that James Gang "brought" Nicholson to Maryville. We conclude that the Trial Court properly held that plaintiff failed to prove that any negligence of James Gang was the proximate cause of plaintiff's injuries.

We affirm the directed verdict of the Trial Court, and remand with costs of the appeal assessed to Patricia Lynn Finger.

_____
HERSCHEL PICKENS FRANKS, P.J.